FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 MAY 11 PM 12:01

LORETTA G. WHYTE
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| FLORIDA MARINE TRANSPORTERS, INC. and PBC MANAGEMENT, INC. | CIVIL ACTION |
| | NUMBER 04-1354 |
| -VERSUS- | SECTION SECT. F MAG. 5 |
| MICHAEL L. SANFORD | JUDGE |
| | MAGISTRATE |

: : : : : : : : : : : : : : : : : : : : : : : :

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COME plaintiffs, Florida Marine Transporters, Inc. ("Florida Marine") and PBC Management, Inc. ("PBC"), and for their complaint against defendant, Michael L. Sanford ("Sanford"), based upon information and belief aver as follows:

I.

Florida Marine is a Delaware corporation with its principal place of business in Mandeville, Louisiana.

II.

PBC is a Florida corporation with its principal place of business in Mandeville, Louisiana.

Fee 150
X Process
X Dktd
CtRmDep
Doc. No. 1

III.

Michael L. Sanford is an adult resident of Seminary, Mississippi.

IV.

This action arises under the Admiralty and General Maritime Laws of the United States of America. This Court has jurisdiction pursuant to 28 USC § 1333.

V.

This action is for a declaratory judgment pursuant to 28 USC § 2201 and involves an actual controversy between the parties which requires immediate resolution by the Court.

VI.

Sanford entered into a contract of employment with PBC and Florida Marine in Mandeville, LA. This lawsuit arises out of the contract of employment with PBC and Florida Marine.

VII.

Florida Marine and PBC are authorized to do and doing business in the State of Louisiana and are engaged in maritime pursuits within the territorial waters of the State of Louisiana and within the jurisdiction of this Court.

VIII.

At all pertinent times herein, Sanford was an employee of PBC and employed aboard a vessel owned by JAR Assets, Inc. and operated by Florida Marine, and for the purposes of

this Complaint for Declaratory Judgment, Sanford would be classified as a "seaman" within the meaning of the Jones Act,46 USC § 688, *et seq*.

IX.

On or about December 14, 2003, Sanford was a tankerman and member of the crew of the M/V FLORIDA EXPRESS. Subsequently, on or about December 15, 2003, Sanford reported that he had pulled on a winch resulting in extreme low back and left leg pain.

X.

The M/V FLORIDA EXPRESS was at all times material to this matter owned by JAR Assets, Inc. and operated by Florida Marine.

XI.

During the course of Sanford's employment with PBC Management/Florida Marine, he was warned on more than one occasion and reprimanded by the owner of the company on more than one occasion for threatening, harassing and bullying other crewmembers. At the time of the incident alleged by Sanford, he was aware that any further activities of the nature for which he was previously reprimanded would result in his termination from employment with PBC Management/Florida Marine.

XII.

During the course of Sanford's service aboard the M/V FLORIDA EXPRESS on or about December 14, 2003, Sanford had a confrontation with the relief captain aboard the

M/V FLORIDA EXPRESS, at which time Sanford undoubtedly harassed, bullied and exerted his physical dominance toward the relief captain for which the relief captain was in fear of bodily harm.

XIII.

On December 15, 2003, another confrontation ensued between Sanford and the captain of the M/V FLORIDA EXPRESS, at which time the captain demanded that Sanford pack his bags and leave the vessel.

XIV.

Coincidentally, on or about December 15, 2003, following the confrontation with the relief captain on the previous day and the confrontation with the captain on or about December 15, 2003, Sanford advised the captain of the M/V FLORIDA EXPRESS that he had injured his back while pulling on a winch in order to retrieve a bumper, which had lodged in the mud when the M/V FLORIDA EXPRESS grounded.

XV.

As the seaman's employer, PBC provided maintenance and cure benefits to Sanford based on the reporting of an incident and injury while in the service of the M/V FLORIDA EXPRESS.

XVI.

PBC and Florida Marine diligently arranged for appropriate necessary medical treatment for Sanford, which was initially undertaken by Dr. Mohammed Yousuf and subsequently by Dr. David Bomboy. During the course of his medical treatment, Sanford has complained of low back and left leg pain and has been diagnosed with a lumbar disc abnormality at L5-S1, which Sanford has claimed is related to his service aboard the M/V FLORIDA EXPRESS.

XVII.

As a result of Sanford's complaints, PBC and Florida Marine arranged for medical evaluations and treatment for Sanford including, but not limited to, MRI, epidural steroid injections, assessments by orthopedists, an anesthesiologist and an occupational medicine specialist.

XVIII.

An investigation of Sanford's claim has revealed that Sanford is indeed engaged in activities, contrary to his representations of pain and discomfort, which Sanford has presented to medical providers as well as PCB and Florida Marine. It is abundantly clear that Sanford has provided false information to certain health care providers as well as his employer, PBC, and vessel operator, Florida Marine, exaggerating and/or creating injuries and conditions which are embellished or do not exist.

XIX.

As a result of false information regarding non-existing or embellished medical conditions, PBC and Florida Marine made payments in medical expenses, maintenance and advances to and on behalf of Sanford, which would otherwise not have been provided.

XX.

PBC/Florida Marine have paid advances and maintenance and cure benefits to and for Sanford commencing in December 2003 and have satisfied such benefits beyond Sanford's entitlement to such benefits.

XXI.

PBC and Florida Marine aver that Sanford has fraudulently sought out and received maintenance, advances and payment of medical expenses with full knowledge that he was not entitled to those benefits from PBC/Florida Marine, as his injuries and/or complaints were either non-existent or embellished and, unequivocally, unrelated to the aforedescribed incident of December 14, 2003.

XXII.

As a result of Sanford's fraudulent representation of injuries and/or medical conditions, PBC/Florida Marine provided maintenance and cure benefits to Sanford beyond that for which he would be otherwise entitled and deny any further obligation whatsoever to provide maintenance and cure benefits to Sanford. PBC/Florida Marine now seek

reimbursement from Sanford for any and all maintenance and cure benefits previously provided to Sanford.

XXIII.

Any maintenance and cure benefits paid to and on behalf of Sanford emanated from PBC/Florida Marine's principal business establishment in Mandeville, LA.

XXIV.

PBC and Florida Marine are entitled to declaratory relief in order to resolve this actual controversy regarding Sanford's right to maintenance and cure benefits. PBC/Florida Marine need an immediate decision concerning this obligation in order to avoid potential liability. PBC/Florida Marine have no adequate remedy at law whereby they can obtain appropriate relief.

WHEREFORE, PBC Management, Inc. and Florida Marine Transporters, Inc. pray that this Court set this matter for hearing on an accelerated basis and, after hearing the evidence, declare the rights of the parties and order that PBC Management, Inc. and Florida Marine Transporters, Inc. were not obligated to provide maintenance and cure benefits to or on behalf of Michael L. Sanford; and that any advances and maintenance and cure benefits previously provided to Michael L. Sanford be reimbursed to PBC Management, Inc. and Florida Marine Transporters, Inc. Further, plaintiffs pray that in addition to the amounts paid in advances and maintenance and cure benefits, that they also be awarded interest, as well

as the costs of bringing this action, attorney's fees, and such other and further relief as the Court may deem proper.

Respectfully Submitted;

STAINES & EPPLING

ANTHONY J. STAINES, T.A. (12388)
W. BARTLETT ARY (17909)
3500 No. Causeway Blvd., Suite 820
Metairie, LA 70002
Telephone: (504) 838-0019
Fax: (504) 838-0043

Counsel for Florida Marine Transporters, Inc. and JAR Assets, Inc.