UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FLORIDA MARINE TRANSPORTERS, INC., PBC MANAGEMENT, INC., and J.A.R. ASSETS, INC. | CIVIL ACTION |
| VERSUS | NO. 04-1354 |
| MICHAEL L. SANFORD | SECTION "F" |

VERDICT FORM

1. Do you find from a preponderance of the evidence that defendants were negligent under the Jones Act and that such negligence was a legal cause of the injury to plaintiff Michael Sanford?

YES______ NO ✓

If you answered "YES" to Question 1, proceed to Question 2. If you answered "NO" to Question 1, then proceed to Question 4.

2. Do you find from a preponderance of the evidence that the plaintiff Michael Sanford was contributorily negligent and that his contributory negligence was a proximate cause of his injuries?

YES______ NO______

If you answered "YES" to Question 2, proceed to Question 3. If you answered "NO" to Question 2, proceed to Question 4.

3. If you answered "YES" to Question 2, what portion or percentage of plaintiff's damage do you find to have resulted from the negligence of the parties:

(a) the plaintiff Michael Sanford was _______% negligent;

(b) the defendants were ____% negligent;

(Note: The total percentage given in your answer must equal 100%).

Proceed to Question 4.

4. Do you find from a preponderance of the evidence that the vessel, the M/V FLORIDA EXPRESS, was unseaworthy and that such unseaworthiness was the proximate cause of plaintiff Michael Sanford's injuries?

YES______ NO ✓

If you answered "YES" to Question 4, proceed to Question 5. If you answered "NO" to Question 4, but "YES" to Question 1, proceed to Question 5. If you answered "NO" to both Question 1 and Question 4, then proceed to Question 6.

5. If you answered "YES" to Question 1, 4, or both, indicate in dollars the amount of damages, if any, you find from a preponderance of the evidence that the plaintiff suffered as a result of defendants' negligence and/or the vessel's unseaworthiness.

Past medical expenses: $____________

Future medical expenses: $____________

Past lost wages: $____________

Future lost wages: $____________

Past, present, and future physical pain and suffering $____________

Past, present, and future emotional/mental suffering $__________

Loss of enjoyment of life $__________

TOTAL $__________

Proceed to Question 6.

6. Do you find from a preponderance of the evidence that the plaintiff Michael Sanford is entitled to maintenance and cure?

YES ✓ NO______

If you answered "YES" to Question 6, then proceed to Question 7. If you answered "NO" to Question 6, then proceed to Question 11.

7. If you answered "YES" to Question 6, what is the daily rate of maintenance, and the total amount of cure owed by defendants to plaintiff Michael Sanford?

(Note that if you awarded lost wages or medical expenses as a result of negligence or unseaworthiness under Question 5, you may not so award such damages for maintenance and cure for the same time period).

$ 21.00/day (maintenance)
$ 100% of (cure)
surgery + related medical expenses

Proceed to Question 8.

8. If you answered "YES" to Question 6, do you find from a preponderance of evidence that defendants' withholding of (or ceasing to pay) maintenance and cure was unreasonable and resulted in some injury to the plaintiff?

YES______ NO ✓

If you answered "YES" to Question 8, proceed to Question 9. If you answered "NO" to Question 8, proceed to the end of this form and skip the remaining questions. Date the form, sign it, and return to the Courtroom.

9. If you answered "YES" to Question 8, what amount of money do you find will compensate plaintiff Michael Sanford for any withholding of maintenance and cure that aggravated or prolonged plaintiff's medical condition?

$__________

10. If you answered "YES" to Question 8, do you find from a preponderance of evidence that defendants' withholding of maintenance and cure was wilfull and deliberate?

YES______ NO______

If you answered "YES" to Question 10, then proceed to the end of this form and skip the remaining question. Date the form, sign it, and return to the Courtroom. (The Court will determine the amount of attorney's fees owing after the trial.)

11. If you answered "NO" to Question 6, do you find from a preponderance of evidence that defendants are entitled to reimbursement for the $12,661.81 in maintenance and cure already paid to plaintiff?

YES______ NO______

Foreperson, please sign and date this form and return with it to the Courtroom.

New Orleans, Louisiana, this 15 day of June, 2006.

Shannon Knowles
FOREPERSON