```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FLORIDA MARINE TRANSPORTERS, INC.              CIVIL ACTION
and PBC MANAGEMENT, INC.

VERSUS                                         NO. 04-1354

MICHAEL L. SANFORD                             SECTION "F"
```

## ORDER AND REASONS

Before the Court is plaintiff's motion for entry of judgment as a matter of law on unseaworthiness with new trial for damages, or, in the alternative, for a new trial on negligence and unseaworthiness. For the reasons that follow, the plaintiff's motion is DENIED.

## Background

Michael Sanford was employed as a tankerman for PBC aboard the M/V FLORIDA EXPRESS, owned by JAR Assets, Inc. and operated by Florida Marine Transport. He claimed he hurt his lower back on December 14, 2003, when he tried to retrieve the vessel's bumper, which had become dislodged when the vessel's tow became lodged on the bank of the intercoastal waterway.

A jury trial on plaintiff's unseaworthiness, Jones Act negligence, and maintenance and cure claims was held on June 12-15, 2006. The jury determined that the plaintiff was entitled to maintenance and cure, but decided that there was no negligence or unseaworthiness. This Court entered separate judgments; the judgment for maintenance and cure has since been satisfied by the

defendants.  The plaintiff now  seeks a entry of judgment as a matter of law on his unseaworthiness claim with a new trial for damages or, alternatively, seeks a new trial on negligence and unseaworthiness.

## I.  Fed.R.Civ.P. 59

### A.  New Trial Standard

The plaintiff questions the correctness of the judgment adopting the jury's verdict that defendants were not negligent and that the vessel was not unseaworthy.  The Court may not grant a new trial on evidentiary grounds "unless the verdict is against the great weight of the evidence."  See Pryor v. Trane Co., 138 F.3d 1024, 1026 (5th Cir. 1998).  A challenge to jury instructions "must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its determinations."  See Thomas v. Texas Dept. of Criminal Justice, 297 F.3d 361, 365 (5th Cir. 2002) (citation omitted).  Even if it is shown that the instruction misguided the jury, the erroneous instruction must have affected the outcome of the case.  Id.

Because of interest in finality, motions for new trial may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or

submit evidence that could have been presented earlier in the proceedings. See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

B.  Application

Plaintiff invokes a litany of issues with the Court's evidentiary rulings and rulings against the plaintiff on several proposed jury charges.  That is, the plaintiff continues to raise the same arguments that failed to persuade the Court to adopt several of plaintiff's proposed jury instructions and evidentiary arguments before trial and during the jury charge conference. Plaintiff now fails to convince the Court that the extraordinary remedy of granting a new trial is warranted.  Plaintiff has not shown that there was a mistake of law in the Court's prior rulings. Nor does Plaintiff present new evidence that undermines the jury's verdict.  The jury was properly guided in its deliberations and the jury's verdict was patently supported by the record.

## II. Fed.R.Civ.P. 50

A. Judgment as a Matter of Law Standard

In renewing his motion for judgment as a matter of law on unseaworthiness, the plaintiff challenges the legal sufficiency of

3

the evidence supporting the jury's verdict.  Judgment as a matter of law is appropriate with respect to an issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on that issue." Fed.R.Civ.P. 50(a)(1).  "Judgment as a matter of law should only be granted if 'the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict.'" Coffel v. Stryker Corp., 284 F.3d 625, 630 (5th Cir. 2002) (citation omitted).

The Fifth Circuit has instructed that evidence in the record can support a jury verdict if it is "of such quality and weight that reasonable and fair-minded [individuals] in the exercise of impartial judgment might reach different conclusions."  Green v. The Administrators of the Tulane Educational Fund, 284 F.3d 642, 653 (5th Cir. 2002) (quotation omitted).  Thus, a jury's decision is entitled to great deference "if the record contains any competent evidence to support its findings." Id.  In this regard, the Court "must disregard all evidence favorable to the moving party that the jury is not required to believe" and  it "may not make credibility determinations or weigh the evidence."  Id. (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)).

    B.  Application

The Court finds, as it did at the close of the evidence, that the judgment adopting the verdict should stand.  The jury's verdict

respecting unseaworthiness is owed great deference, as the record developed at trial was not "'so strongly and overwhelmingly in [Sanford's] favor that reasonable jurors could not reach a contrary verdict.'" See Coffel, 284 F.3d at 630.  At the very least, the evidence presented to the jury was "of such a quality and weight that reasonable and fair-minded [individuals] in the exercise of impartial judgment might reach different conclusions." See Green, 284 F.3d at 653.

Accordingly, plaintiff's motion is DENIED.


New Orleans, Louisiana, August 30, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE